UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY JONES,

    Plaintiff,

v.

WAYNE COUNTY, et al.,

    Defendants.

Case No. 25-cv-13149

Honorable Robert J. White

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT**

Before the Court is *pro se* Plaintiff Gregory Jones' application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief and seeking monetary damages against an immune defendant.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court

therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

    (i)    is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up). "Although construed liberally, *pro se* civil-rights complaints must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief' and 'a demand for the relief sought[.]'" *Nichols v. Kaure*, 667 F. Supp. 3d 529, 531 (E.D. Mich. 2023) (citations omitted). "These allegations

'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."). Therefore, mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Defendants in this case are Judge Yvonna Abraham of Michigan's Third Circuit Court, Michigan's State Court Administrative Office (SCAO), and Wayne County. (ECF No. 1, PageID.1). According to Plaintiff, he is a disabled veteran who requested remote proceedings and related accommodations in the state court, but Abraham "repeatedly ignored" his accommodation requests and "ordered [him] to appear in person . . . despite Plaintiff's known immunocompromised condition." Plaintiff also alleges that Abraham incarcerated him for missing a single court date, resulting in further complications to his health. (ECF No. 1, PageID.1-2).

Plaintiff asserts claims against all Defendants for (1) violation of his civil rights, specifically due process, under 42 U.S.C. § 1983; (2) violation of the Americans with Disabilities Act (ADA); and (3) violation of the Rehabilitation Act (RA). (ECF No. 1, PageID.2). Plaintiff seeks $500,000,000.00 in damages, as well

as "[i]njunctive relief requiring Defendants to[] [p]rovide remote or safe accommodations for all future court appearances" and "[t]rain staff and ADA coordinators on disability compliance[.]" (ECF No. 1, PageID.3).

As an initial matter, Plaintiff previously filed largely identical claims, arising from the same essential facts,[1] against Abraham, the Third Circuit's Chief Judge, and two state court ADA coordinators. *See Jones v. Abraham*, No. 25-11589, 2025 U.S. Dist. LEXIS 153801, at *2-4 (E.D. Mich. Aug. 8, 2025). In this earlier case, the Court granted Plaintiff's application to proceed *in forma pauperis* and partially dismissed the complaint. *Id.* at *1. Specifically, the Court dismissed any claim for injunctive relief as unwarranted by the facts, and it dismissed all claims for monetary damages against the judges because they were entitled to immunity. *Id.* at *4-7. Therefore, all claims against the judges were dismissed, with Plaintiff's surviving claims being only those for monetary damages against the ADA coordinators. *Id.* at *7-8.

Here, the Court first concludes that any claim(s) for injunctive relief must be dismissed for the same reasons as stated in Plaintiff's earlier-filed case. Specifically, Plaintiff fails to allege facts showing an immediate threat that any defendant in this case would again violate his rights. *See Hearring v. Sliwowski*, 806 F.3d 864, 868

---

[1] *Compare* Case No. 25-cv-11589, ECF No. 1, PageID.1-3 *with* Case No. 25-cv-13149, PageID.1-2.

(6th Cir. 2015) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)) ("To establish standing for a forward-looking injunction, a party must show a threat of suffering injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical."); *Simmons v. Cnty. of Wayne*, No. 22-11953, 2023 U.S. Dist. LEXIS 185424, at *10 (E.D. Mich. Oct. 16, 2023) ("Plaintiff also has no standing to pursue injunctive relief against Judge Thomas as there is no showing of any real and immediate threat of future injury to Plaintiff from Judge Thomas."); *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) ("Because Badillo does not allege that he faces an immediate threat that [Judge] Thorpe or [Court Administrator] Benefiel will again violate his rights, we discern no error in the district court's denial of injunctive relief under the ADA . . . ."). Given this deficiency, Plaintiff is not entitled to injunctive relief.

Similarly, the remaining claims against Abraham for monetary damages must be dismissed because she is entitled to judicial immunity. *See Ward v. City of Norwalk*, 640 F. App'x 462, 466 (6th Cir. 2016) (unpublished) ("A judge is immune from a suit for money damages. There are only two sets of circumstances in which judicial immunity does not attach to a judge's acts: (1) if the judge's actions were non-judicial; or (2) if the judge performed the actions in the complete absence of all jurisdiction.") (cleaned up); *Badillo*, 158 F. App'x at 211 ("Badillo's claim for money damages against [Judge] Thorpe based upon the ADA . . . is barred by the

doctrine of absolute judicial immunity."); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (judge entitled to absolute immunity concerning decision to deny the hearing-impaired plaintiff's request for videotext display during court proceedings). Because Plaintiff does not allege that Abraham acted in a non-judicial capacity or in the complete absence of all jurisdiction, she is entitled to immunity here. In sum, all claims against Abraham are dismissed.

Next, the claims against both SCAO and Wayne County must be dismissed as insufficiently pled. Concerning SCAO, Plaintiff only alleges that it "oversees policies and ensures ADA compliance in Michigan courts," and that "Wayne County ADA coordinators and SCAO failed to engage in the interactive process required by law, refusing to provide accommodations or address Plaintiff's medical needs." (ECF No. 1, PageID.2). The Court concludes that these bare, conclusory allegations lack the necessary factual detail to plausibly allege that SCAO violated the ADA, the RA, or Plaintiff's due process rights. Specifically, accepting as true that Abraham repeatedly and improperly denied Plaintiff's accommodation requests, it remains unclear how, if at all, SCAO was involved in or contributed to such action. And to the extent SCAO allegedly failed to engage in the interactive process, this is a legal conclusion lacking any factual support. All claims against SCAO are therefore dismissed.

Concerning Wayne County, a municipality cannot be held liable under § 1983 simply because it employs a tortfeasor, nor can it be liable "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Board of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior."). Instead, a municipality may be held liable "only for '[its] own illegal acts.'" *Connick v. Thompson*, 563 U.S. 51 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). A plaintiff asserting a municipal liability claim under Monell "must connect the employee's conduct to a municipal 'policy' or 'custom.'" *Gambrel v. Knox Cnty.*, 25 F.4th 391, 408 (6th Cir. 2022) (quoting *Brown*, 520 U.S. at 403).

To do so, a plaintiff must demonstrate one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). A plaintiff then "must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 404 (emphasis in original).

7

Plaintiff fails to meet this burden. Instead, he asserts that Defendants' collective actions in this case "reflect a policy, custom, and deliberate indifference to [sic] Plaintiff's rights under federal law." (ECF No. 1, PageID.2). Plaintiff importantly does not allege the existence of any illegal *official* policy, that this case involves inadequate training or supervision, or any facts showing the existence of a custom of tolerance or acquiescence to federal rights violations (such as a pattern of similar violations). And Plaintiff's complaint lacks facts to plausibly infer that Wayne County was the moving force behind his alleged injuries.

Accordingly, the Court concludes that Plaintiff's allegations are too conclusory to plausibly allege any *Monell* claim, and all claims against Wayne County are therefore dismissed. *See Wright v. Louisville Metro Gov't*, 144 F.4th 817, 827 (6th Cir. 2025) (district court correct to dismiss *Monell* claims because "[t]he original complaint included both a failure-to-train theory of *Monell* liability as well as a policy-or-custom theory" but "contains only bare legal conclusions, not factual allegations that plausibly allege *Monell* liability"); *see also Hall v. City of Detroit*, No. 15-2541, 2016 U.S. App. LEXIS 21175, at *2 (6th Cir. Jun. 16, 2016) ("While Hall's pro se complaint is entitled to a liberal reading, this court still requires more than bare assertions of legal conclusions. Hall's complaint does nothing more, and fails to state a plausible claim for relief against the City of Detroit.") (unpublished; citations omitted).

\* \* \*

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: November 19, 2025                     s/Robert J. White
                                             Robert J. White
                                             United States District Judge